MACY, Justice,
specially concurring.
I agree with the result reached by the majority in the speedy trial portion of the opinion; however, I continue to believe that the constitutional analysis detailed in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which we adopted in Cosco v. State, 503 P.2d 1403, 1405 (Wyo.1972), cert. denied, 411 U.S. 971, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973), is no longer a valuable or appropriate tool to be employed by this Court in deciding speedy trial issues.
In McDermott v. State, 897 P.2d 1295, 1299-1300 (Wyo.1995), we said that W.R.Cr.P. 48 is mandatory and that it provides the exclusive framework for our speedy trial analysis. I disagree with the majority’s assertion in this ease that the statement in McDermott was overly broad.
When we are making an analysis under W.R.Cr.P. 48, we examine the period between the arraignment and the trial to determine whether the defendant was denied his right to have a speedy trial. The responsibility to try a defendant in a timely fashion does not attach until the defendant has been arraigned. W.R.Cr.P. 48(b)(2). The United States Supreme Court has expressly provided that states can prescribe a reasonable, definable period of time in which trials must be held. Barker, 407 U.S. at 523, 92 S.Ct. at 2188. Therefore, any constitutional challenge made after the adoption of W.R.Cr.P. 48 should be made against the rule itself rather than against the district court’s implementation of the rule since the constitutional guarantees addressed in the Barker analysis are included within and superseded by the rule. Yung v. State, 906 P.2d 1028, 1038 (Wyo.1995) (Macy, J., specially concurring).
*1372 We analyze any preindictment delay which may have occurred by using a completely different test. We consider whether the preindictment delay caused substantial prejudice to the defendant’s right to have a fair trial and whether that delay was an intentional device used by the prosecution in order to gain a tactical advantage over the defendant. McDermott, 897 P.2d at 1300; Phillips v. State, 885 P.2d 1062, 1069 (Wyo.1992). Although constitutional implications are involved when an indictment has been delayed, we do not use the Barker elements in the preindictment delay analysis.
The majority, in determining whether Hall was given a speedy trial, seems to be either (1) combining the preindictment delay time and the W.R.Cr.P. 48 speedy trial time and then applying the Barker factors to the total time period or (2) completely substituting a Barker analysis for a preindictment delay analysis. I do not agree that, under the current state of Wyoming law, either method is proper. When we are analyzing the two-year delay from the first charge until the ultimate trial, we are required to apply our established preindictment delay analysis to the time before Hall’s last arraignment and our W.R.Cr.P. 48 speedy trial analysis to the time between Hall’s last arraignment and the first day of her trial.
I am concerned that the majority opinion will confuse practitioners and judges of this state when it opines that “[cjompliance with Rule 48 ... will go a long way in protecting a defendant’s right to a speedy trial” but that “it is also necessary that the courts examine speedy trial issues in light of the constitutional factors which provide the underpinnings of the rule.” The purpose of W.R.Cr.P. 48 was to move us past the laborious and subjective Barker analysis to a clearer and more concise analysis. The majority has completely undermined that goal by forcing us to apply both analyses on each and every speedy trial issue that arises.
It is my opinion that we could have decided this issue by using our standard preindictment delay and W.R.Cr.P. 48 speedy trial analyses. I believe that the discussion on the Barker factors was unnecessary and confusing and that the majority has needlessly complicated this issue.