Christopher **KLEINSCHMIDT**,
Appellant (Defendant),

v.

The **STATE of Wyoming**,
Appellee (Plaintiff).

No. 95–88.

Supreme Court of Wyoming.

March 18, 1996.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Donna D. Hoffdahl (argued), Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker (argued), Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant appeals his conviction of first degree sexual assault, aggravated kidnaping and indecent liberties with a minor, asserting that he was denied his right to a speedy trial and that the court erred by failing to suppress evidence of prior bad acts.

We affirm.

## ISSUES

Appellant and the State identify the following issues:

1. Was Appellant denied his constitutional right to a speedy trial?

2. Did reversible error occur because the District Court did not follow the procedure mandated in *Dean v. State*, 865 P.2d 601 (Wyo.1993)?

## FACTS

In the early morning hours of April 27, 1994, the victim, a seventeen-year-old girl, was sleeping in her basement bedroom. Awakened by appellant's tapping on her bedroom window, the victim recognized appellant as her sister's former boyfriend. Appellant asked the victim to come out to his car because he had something for her sister. The victim dressed, climbed out of the window and went with appellant to his car. Appellant then forced the victim into the car and drove her to a nearby park. The victim tried unsuccessfully to escape from appellant on two occasions, but each time she was caught and forcibly brought back to the car. Ultimately, appellant forced the victim into the car and sexually assaulted her.

After the assault, appellant drove the victim back to her home. There, she woke her sister who called 911. The victim was later examined at the hospital. Following a jury trial, appellant was convicted of first degree sexual assault, aggravated kidnaping and indecent liberties with a minor.

## DISCUSSION

### Speedy Trial

Appellant's trial began 123 days after he was arraigned. Appellant urges that he was denied his right to a speedy trial, citing *McDermott v. State*, 897 P.2d 1295, 1299 (Wyo.1995) wherein we stated that W.R.Cr.P. 48 was mandatory.

Rule 48 states in pertinent part:

(b) *Speedy trial.*

\* \* \* \* \* \*

(2) A criminal charge shall be brought to trial within 120 days following arraignment unless continued as provided in this rule.

\* \* \* \* \* \*

(4) Continuances not to exceed six months from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit; or

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

\* \* \* \* \* \*

(6) Any criminal case not tried or continued as provided in this rule shall be dismissed 120 days after arraignment.

Appellant failed in his argument to address factors important to the resolution of this issue. First, the court continued the trial three times within the 120–day period. Appellant and his counsel were timely notified of each continuance, and no objection was posed to any extension. Second, appellant filed no request for a speedy trial within

the 120–day period. Pursuant to Rule 48(b)(2) and (4)(C), there was no violation of speedy trial. The court continued the matter after notification to appellant and absent any objection.

■ Less than vigorous assertions of the right to a speedy trial are given little weight. *Yung v. State*, 906 P.2d 1028, 1033 (Wyo. 1995). Accordingly, pursuant to W.R.Cr.P. 48, this action could have been dismissed on the 120th day, refiled and a new 120–day period been afforded from the time of arraignment on the refiled charges. We acknowledge that this type of claim based solely on W.R.Cr.P. 48 would be afforded little weight if the trial court would place on the record the reason for the continuance beyond the 120–day period. Technically, however, the formal action is not required so long as a defendant is notified of the proposed continuance and does not object in writing.

■ It is clear from the record that the final continuance resulted in starting the trial on a Monday, the 123rd day, rather than Friday, the 120th day. With no objection from appellant that the continuance would be prejudicial, it is clear that the continuance was required by the court in the due administration of justice. As we stated in *Hall v. State*, 911 P.2d 1364, 1370–71 (Wyo.1996), W.R.Cr.P. 48 does not fully cover the concerns which may be raised by a constitutional speedy trial claim. It is possible for a defendant to be tried within the time limits of Rule 48 and yet suffer a constitutional deprivation due to delay which can be shown to have seriously prejudiced his defense. Moreover, it would seem illogical to view the 120–day time limit of the rule as, in itself, constitutionally mandatory when an appellate court may extend that deadline or when the State is permitted to refile charges and thus proceed with a prosecution pursuant to W.R.Cr.P. 48(b)(6). Rule 48 therefore addresses only part of any constitutional speedy trial question.

In this appeal, we find that Rule 48 was not violated and further that appellant has failed to allege factors to be considered in an evaluation of a constitutional speedy trial claim as set forth in *Cosco v. State*, 503 P.2d 1403, 1405 (Wyo.1972).

***Prior Bad Acts***

■ The State filed a Notice of Intent to offer evidence of prior acts or misconduct of appellant pursuant to W.R.E. 404(b). At a Motion to Suppress hearing, the State informed the court that the evidence would not be used in its case in chief, but only in the event appellant chose to testify. The court did not articulate the five-part test set out in *Dean v. State*, 865 P.2d 601, 606 (Wyo.1993). The basis of the court's ruling was that the purpose of the proposed evidence went to the credibility of appellant in the event he chose to testify. Appellant, however, did not testify; and the evidence was not introduced. Appellant asserts that because of the court's ruling, he was effectively estopped from taking the stand for fear that the evidence would be used against him.

This court has recognized that "in cases involving sexual misconduct[,] prior conduct consisting of bad acts is of increased pertinency." *Carey v. State*, 715 P.2d 244, 248 (Wyo.1986). Consequently, the court has permitted the use of prior bad acts evidence on cross-examination or as rebuttal evidence that would otherwise not be admissible in the State's case in chief. *Id.* When the accused claims consent, "evidence which contradicts his denials of previous use of force in sexual encounters is of assistance to the trier of fact in evaluating his * * * credibility." *Id.*

To the extent appellant's testimony would have alleged he had never forced a woman to have sex, the State would have been entitled to rebut with evidence to the contrary, pursuant to W.R.E. 405. *Taul v. State*, 862 P.2d 649, 655 (Wyo.1993). The court's ruling did not estop appellant from taking the stand. It did no more than provisionally allow the admission of the evidence if appellant testified in such a manner as to make W.R.E. 404(a)(1) and W.R.E. 405 applicable.

The evidence was therefore not going to be introduced pursuant to W.R.E. 404(b), and it was not introduced at trial. Accordingly, the court's failure to apply the *Dean* factors is not error.

Affirmed.

MACY, Justice, specially concurring.

Once again, I agree with the majority, but I am compelled to write separately because I believe that the constitutional analysis established in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which we adopted in *Cosco v. State,* 503 P.2d 1403, 1405 (Wyo.1972), *cert. denied,* 411 U.S. 971, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973), should no longer be utilized by this Court in deciding speedy trial issues. It is my opinion that W.R.C.P. 48 dispositively addresses the circumstances which are present in this case and that the majority should have limited its discussion accordingly.

I have thoroughly explained my position in *Hall v. State,* 911 P.2d 1364 (Wyo.1996) (Macy, J., specially concurring), and *Yung v. State,* 906 P.2d 1028, 1038 (Wyo.1995) (Macy, J., specially concurring). I find that the sentiments in those specially concurring opinions are appropriate to this case and adopt them herein.