Donald Eugene McDANIEL,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–323.

Supreme Court of Wyoming.

Oct. 1, 1997.

Sylvia Lee Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Jason M. Tangeman, Assistant Appellate Counsel, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Colleen K. Coebergh, Special Assistant Attorney General, for Appellee (Plaintiff).

Before TAYLOR, C.J., THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Donald Eugene McDaniel was convicted on two counts of first degree sexual assault and received consecutive sentences of not less than fifteen years in the state prison. He contends that his conviction should be reversed and the case against him dismissed

for violation of his statutory and constitutional right to a speedy trial.

We affirm the conviction and sentence.

## ISSUES

McDaniel and the State agree that this case presents this issue for our review:

Whether the appellant's guarantee to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Art. 1, § 10 of the Wyoming Constitution, and Rule 48 of the Wyoming Rules of Criminal Procedure was violated?

## FACTS

McDaniel was arrested on charges of first degree sexual assault on December 21, 1995, and arraigned in district court on January 8, 1996. At the arraignment, defense counsel requested to peremptorily disqualify the trial judge, but the judge refused to act on an oral motion and instructed that the motion be filed in writing. Defense counsel filed that motion the next day, January 9, 1996, and also filed motions for speedy trial, discovery, and intent to introduce Rule 404(b) evidence. Also on January 9, the trial judge whom the defense had moved to disqualify entered an order setting trial for March 11, 1996.

In the middle of February, the prosecution notified the defense that the clerk of court required it to submit an order for a change in judges, and the case was assigned to a new judge on February 22, 1996. Immediately recognizing that a speedy trial concern was presented, the new judge met with counsel on February 23, 1996, and sent them a letter on February 26 indicating that the court's schedule would not accommodate a trial setting within 120 days of McDaniel's January 8 arraignment. Accordingly, the court determined that it would invoke WYO. R.CRIM. P. 48(b)(4)(B)(iii) to exclude from the 120-day calculation the days spent waiting for the assignment order.

Over three weeks later, on March 19, 1996, McDaniel filed an objection to extending the speedy trial date but did not file a request for setting. At a hearing on March 27, 1996, the court heard the objection along with other defense motions. Trial was set for and held on June 26, 1996, which was 170 days from the date of McDaniel's arraignment. McDaniel was unable to post bond during this period and remained incarcerated.

## DISCUSSION

*Compliance With Procedural Rule*

At the hearing on McDaniel's objection to extending the speedy trial date, the court invoked Rule 48 to extend the speedy trial date. Rule 48 is a procedural rule designed to protect a defendant's constitutional right to a speedy trial. *Hall v. State,* 911 P.2d 1364, 1370–71 (Wyo.1996). Included within the rule are the factors to be considered in evaluation of a constitutional speedy trial claim. This Court, as with other procedural rules, will examine claims based upon procedural violations of the rule. *Id.*

RULE 48.   Dismissal.

* * *

(b) *Speedy trial.*

(1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.

(2) A criminal charge shall be brought to trial within 120 days following arraignment unless continued as provided in this rule.

(3) The following periods shall be excluded in computing the time for trial:

(A) All proceedings related to the mental illness or deficiency of the defendant;

(B) Proceedings on another charge;

(C) Delay granted by the court pursuant to paragraph (4) or (5);

(D) The time between the dismissal and the refiling of the same charge; and

(E) Delay occasioned by defendant's change of counsel or application therefor.

(4) Continuances not to exceed six months from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit; or

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

\* \* \* \*

WYO. R.CRIM. P. 48.

██ The record shows that a jury trial was set for March 11, 1996, but could not begin because the defense requested a new judge. There was a 45–day delay waiting for the assignment of a new judge. The judge extended the speedy trial date on February 26, the defense objected on March 19, and a hearing was held on March 27 on this objection and several other defense motions. After ruling on those motions, the court set a trial date. The parties devote a great portion of their briefs arguing whether or not the defense should be charged with these several delays for purposes of speedy trial analysis. Our review of the court's ruling at the March 27 hearing indicates that the court invoked Rule 48 based on the exception found in 4(B)(iii) which allows a continuance when required for the due administration of justice and there is no substantial prejudice to the defendant. The court found that it had properly notified the parties by letter on February 26 that it intended to impose a continuance as permitted by Rule 48 and ruled that the continuance was proper because the delay caused by the defense requesting a change in judges resulted in the court's inability to schedule a three-day trial until June 25. It was within the court's discretion to determine that these circumstances required the continuance, and its ruling will be upheld on appeal because the trial court complied with the rule, and trial was held within six months from the date of arraignment.

██ The court found that the defense alleged substantial prejudice solely because of pretrial custody and ruled that did not show unfair prejudice. On appeal, McDaniel contends the district court incorrectly determined he did not suffer prejudice from the delays. He asserts that the record reveals that his defense was impaired because the memories of the victim and another key prosecution witness had become stale at the time of trial, making them unreliable and untrustworthy. We understand McDaniel's point is that these witnesses were evasive about the details of their accusations against him making it difficult to present accurate facts to the jury; however, it is usually the case that an unreliable accuser works to the benefit of the accused. The record reveals that defense counsel sought to impeach these witnesses with inconsistencies and argued the unreliability and untrustworthiness of these witnesses' memories to the jury during closing arguments. We will not find that delay resulted in impairment of defense in these circumstances but will, instead, recognize that it was the prosecution's case which was weakened and delay benefitted the defense. *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972). We agree with the district court's ruling that Rule 48 permitted the continuance.

*Compliance With Constitution*

██ It is also necessary that the courts examine speedy trial issues in light of the constitutional factors which provide the underpinnings of the rule. *Hall,* 911 P.2d at 1370. The four factors to be considered in evaluation of a constitutional speedy trial claim are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id.* at 1370–71 (citing *Cosco v. State,* 503 P.2d 1403, 1405 (Wyo.1972), *cert. denied,* 411 U.S. 971, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973)). "However, when the length of the delay is neither 'presumptively prejudicial' nor significantly long, no further analysis is warranted." *Phillips v. State,* 835 P.2d 1062, 1069 (Wyo.1992) (citing *Osborne v. State,* 806 P.2d 272, 277 (Wyo.1991)).

The time from the first charge to the time of trial was a total of 188 days. A 45–day delay was caused by the request for a change in judges, and a 30–day delay ensued when the defense filed a motion objecting to extending the speedy trial date, and it and other defense motions were heard at a hearing on March 27. We do not fault McDaniel for filing these motions; however, we do not accept the contention that the government bears the blame for the delays which followed the filing of these motions. Delays attributable to the defendant are subtracted from the computation. *See Phillips,* 835 P.2d at 1069. After deducting the delays attributable to the defendant, only 113 days passed between the date of arrest and the time of trial. Considering our rule imposes a 120–day deadline, we do not find that 113 days is significantly long and hold that McDaniel's right to a speedy trial was not violated.

The conviction is affirmed.