**Charles Edward DETHERIDGE,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 96–334.

Supreme Court of Wyoming.

Aug. 17, 1998.

234

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Raymond Macchia, Student Extern., for Appellant(Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Joseph W. Cole Student Intern., for Appellee(Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant entered a conditional plea of nolo contendere to a charge of felony stalking while reserving the right to appeal alleged procedural errors to this court. Finding merit in his claim that he was not afforded a speedy trial pursuant to W.R.Cr.P. 48, we reverse.

## I.  ISSUES

Appellant, Charles Edward Detheridge (Detheridge), presents three issues for review. Only two issues warrant discussion, and we reiterate those issues here:

*ISSUE II*

Did the trial court deny the appellant his constitutionally guaranteed right to a speedy trial?

*ISSUE III*

Did the trial court [abuse] its discretion when it denied the appellant's motion for relief from sentencing?

* Chief Justice at time of oral argument.

## II.  FACTS

Detheridge was charged with felony stalking on April 7, 1995 in violation of Wyo. Stat. § 6–2–506(e)(i) (1997).  Arraigned on May 5, 1995, Detheridge's trial date was initially set for July 10, 1995.  Shortly after his arraignment, Detheridge filed a demand for speedy trial pursuant to W.R.Cr.P. 48.  At the same time, Detheridge also filed a motion to dismiss the charges, challenging the constitutionality of the stalking statute.  A hearing on his motion to dismiss was set for June 2, 1995, and the parties were ordered to submit briefing on the issue.

While awaiting the district court's decision on Detheridge's constitutional challenge, the July 10, 1995 trial date was allowed to pass without entry of a continuance or a new setting.  On August 16, 1995, the district court denied the motion to dismiss, but did not set a date for trial.  Realizing that the speedy trial requirements of W.R.Cr.P. 48 appeared in jeopardy, on August 28, 1995, the State filed a motion requesting an order setting a trial date.  The motion reminded the district court that only a few days remained within the 120–day period allotted in which to commence a timely trial, but the motion did not include a request for a continuance or an explanation for the delay.  Nothing was done until Detheridge filed a motion to dismiss for lack of speedy trial on September 6, 1995.  The motion was denied, and another trial date was set for September 25, 1995.

Detheridge entered a conditional plea of nolo contendere on September 29, 1995, conditioned on an agreement that this appeal would be forthcoming.  He was originally scheduled to be sentenced on January 18, 1996.  Prior to ruling on sentencing, the district court realized it had not ruled on a pending motion to dismiss or remand the case.  The district court, therefore, continued the sentencing until a future time so that it could review the motion and accompanying briefs.

On April 29, 1996, Detheridge filed another motion requesting the district court rule on

the pending motion and/or sentence him. With no response forthcoming, Detheridge filed a motion to dismiss or for relief from judgment on October 1, 1996. The basis for, his motion was the delay of over one calendar year since he entered his plea. On October 25, 1996, the district court denied Detheridge's motions and sentenced him to one year of probation, including the condition that he have no contact with the victim. As promised, this appeal timely followed.

## III. STANDARD OF REVIEW

■ We review a speedy trial claim to ensure that the mandates of W.R.Cr.P. 48 and constitutional guarantees have been met. *Yung v. State*, 906 P.2d 1028, 1032 (Wyo. 1995). We begin by calculating the time between defendant's arraignment and trial, excluding the time periods specified in W.R.Cr.P. 48(b)(3). *Hogan v. State*, 908 P.2d 925, 930 (Wyo.1995); *McDermott v. State*, 897 P.2d 1295, 1300 (Wyo.1995). Delays of fewer than 120 days are permissible. *Hogan*, 908 P.2d at 930; *McDermott*, 897 P.2d at 1300. If a delay has exceeded 120 days, we determine whether the defendant has made a written demand for a speedy trial or otherwise vigorously asserted his rights under W.R.Cr.P. 48. *Kleinschmidt v. State*, 913 P.2d 438, 439–40 (Wyo.1996); *Hall v. State*, 911 P.2d 1364, 1370 (Wyo.1996). If the defendant has not done so, we apply the four-part constitutional test articulated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), and adopted in *Cosco v. State*, 503 P.2d 1403, 1405 (Wyo. 1972), *cert. denied*, 411 U.S. 971, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973), to ensure that the defendant's constitutional guarantee to a speedy trial has been satisfied.

■ We review a challenge based on delay of sentencing to determine whether the sentencing court has abused its discretion in allowing an unreasonable delay. A delay in sentencing in excess of over one year from the establishment of guilt is presumptively unreasonable. *Yates v. State*, 792 P.2d 187, 191 (Wyo.1990). The state bears the burden of demonstrating that the delay does not exceed the bounds of reason and the court

should not be foreclosed from imposing sentence after the one year period of time. *Id.*

## IV. DISCUSSION

### A. W.R.Cr.P. 48(b)

■ A criminal defendant's right to a speedy trial is grounded in the constitutions of the United States and the State of Wyoming. In recognition that W.R.Cr.P. 48 provides criminal defendants a procedural mechanism to ensure the protection of this constitutional right, we have held that compliance with its terms is mandatory. *Yung*, 906 P.2d at 1032; *McDermott*, 897 P.2d at 1299. In pertinent part, W.R.Cr.P. 48 provides:

(b) *Speedy trial.*

(1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.

(2) A criminal charge shall be brought to trial within 120 days following arraignment unless continued as provided in this rule.

(3) The following periods shall be excluded in computing the time for trial:

\* \* \*

(C) Delay granted by the court pursuant to paragraph (4) or (5);

\* \* \*

(4) Continuances not to exceed six months from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit; or

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

* * *

(6) *Any criminal case not tried or continued as provided in this rule shall be dismissed 120 days after arraignment.*

* * *

(8) A dismissal for lack of a speedy trial under this rule shall not bar the state from again prosecuting the defendant for the same offense unless the defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay.

(Emphasis added.)

It is uncontested that more than 120 days had passed prior to the time Detheridge moved for dismissal pursuant to the mandates of W.R.Cr.P. 48. It is also clear that no continuance was granted on the record nor was a second trial date set during that time. However, the district court determined that a *de facto* continuance had been granted, which was "[r]equired in the due administration of justice," during the pendency of Detheridge's motion to dismiss. W.R.Cr.P. 48(b)(4)(B)(iii). The district court found that sufficient notice of the *de facto* continuance was provided through the tacit understanding that trial would not commence on the initially scheduled date. We disagree.

The Rules of Criminal Procedure "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." W.R.Cr.P. 2. The plain language of W.R.Cr.P. 48 places the responsibility of ensuring a timely trial equally on the district court, the prosecution and the defendant. In *Kleinschmidt*, 913 P.2d at 439–40, we held that a period of 123 days did not violate W.R.Cr.P. 48 when the defendant failed to file a written demand for a speedy trial and failed to object to three continuances within the 120–day period. *See also Hall*, 911 P.2d at 1370. Unlike the facts which supported our decision in *Kleinschmidt*, Detheridge filed a timely demand for a speedy trial. Despite Detheridge's written demand for a speedy trial, neither the district court nor the prosecution took any steps to reset the trial date, file a request for continuance, state the reasons why a continuance was necessary, or even grant a continuance prior to the conclusion of the 120–day period.

It was incumbent upon the State and the district court, after Detheridge's initial demand, to take the minimal steps necessary to secure compliance with the requirements of W.R.Cr.P. 48. We find no merit in the State's argument that its complete failure to provide any affirmative record of the need for a continuance is excused, while at the same time scoring Detheridge for failing to *reassert* his demand for a speedy trial or, in the alternative, for failing to object to a nonexistent motion. Equally disingenuous is the suggestion that Detheridge's speedy trial demand was insufficient because he proffered such as a "respectful request."

Neither the State nor the district court proposed a continuance in the manner provided for by W.R.Cr.P. 48, but instead allowed the time period to run until Detheridge filed his motion to dismiss, 124 days after his arraignment. This clear violation of W.R.Cr.P. 48 vitiates the need to consider the four-part constitutional test articulated in *Barker*, 407 U.S. at 530, 92 S.Ct. 2182, and adopted in *Cosco*, 503 P.2d at 1405. The denial of Detheridge's motion to dismiss is reversed.

## B. W.R.Cr.P. 32(c)(1)

█ While the above issue is dispositive of this case, we feel compelled to address Detheridge's claim that he was denied due process by the unreasonable delay in sentencing. W.R.Cr.P. 32(c)(1) provides, in part:

Sentence shall be imposed without unnecessary delay, but the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved.

In *Yates*, 792 P.2d at 191, addressing the predecessor of W.R.Cr.P. 32(c)(1), we unequivocally stated that one year is a reasonable period of time to require the imposition of sentence, and that delay in excess of one year is presumptively unreasonable.

A court may not pronounce sentence on a defendant after the expiration of such time, unless the record clearly establishes those facts and circumstances that excuse

the delay, thus making later imposition of the sentence reasonable. The State must bear the burden of establishing those facts and circumstances.

*Yates,* 792 P.2d at 191. We explained that this rule is meant to prevent the possibility that a greater punishment than is deserved will be imposed because of subsequent conduct that results in a violation of the probation. In this case, the district court stated the following reason for the delay:

> Well, the reason for the delay, from the Court's point of view, is that it was my understanding that Mr. Detheridge was remaining away from the young lady in question and that that was a state of affairs that everybody was pleased with. And I thought that having sentencing pending would have an effect in that regard. I think that was a good reason for the delay, and still think it is. And for all I know, it's had the intended effect. It may be that Mr. Detheridge wouldn't have any trouble in any case, of course I don't know that, but as I indicated earlier, that's been my chief concern in the matter.

We disagree with the State that Detheridge's capability to stay away from his victim was an issue not "capable of being resolved." This is precisely the condition of his one year probation, imposed after Detheridge had already complied with this same condition for a year. Clearly, had he made any attempt to contact this woman, the district court would have imposed a harsher penalty. In other words, Detheridge served two terms of probation for the same offense. This is precisely the reasoning which renders such delay unreasonable. Having failed to show that the delay was reasonable, the district court was foreclosed from imposing sentence over one calendar year from the time guilt was established.

## V. CONCLUSION

The failure to continue or schedule trial during the 120-day period following Detheridge's arraignment, after his written demand for speedy trial, violated the requirements of W.R.Cr.P. 48(b). His conviction is reversed.

MACY, Justice, specially concurring.

I agree with the result that the majority reaches regarding the speedy trial issue, but I disagree with the statement that the clear violation of W.R.Cr.P. 48 vitiates the need to consider the four-part constitutional test articulated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). I believe that the *Barker* analysis should no longer be utilized by this Court in deciding speedy trial issues regardless of whether W.R.Cr.P. 48 has been clearly violated. The United States Supreme Court expressly held that states can prescribe a reasonable, definable period of time in which trials must be held. *Barker,* 407 U.S. at 523, 92 S.Ct. 2182. We adopted W.R.Cr.P. 48 in accordance with that holding, intending that we would be allowed to abandon the laborious and subjective *Barker* analysis in favor of a clearer and more concise analysis. It is my opinion that W.R.Cr.P. 48 provides the exclusive framework by which we should analyze alleged speedy trial violations, and I disagree with the implication in the majority opinion that a *Barker* analysis should be conducted if W.R.Cr.P. 48 has not been clearly violated.

I thoroughly explained my position in *Hall v. State,* 911 P.2d 1364, 1371 (Wyo.1996) (Macy, J., specially concurring), and in *Yung v. State,* 906 P.2d 1028, 1037 (Wyo.1995) (Macy, J., specially concurring). Those specially concurring opinions continue to reflect my ideas on the matter.