2004 WY 37

**Brandon Ray WALTERS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 03–1.**

Supreme Court of Wyoming.

April 8, 2004.

Representing Appellant: Kenneth M. Koski, State Public Defender; Will Bierman, Deputy Public Defender.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶1] After the district court determined that his constitutional right to a speedy trial had not been violated, Appellant Brandon Ray Walters entered a conditional guilty plea to third degree sexual assault. He has appealed his conviction and sentence contending that his constitutional right to speedy trial was violated.

[¶2] We affirm.

## ISSUES

[¶3] Walters presents the following issue for our review:

Whether the district court improperly denied Appellant's motion to dismiss for lack of speedy trial, when a two-hundred thirty-five (235) day delay occurred between Appellant's waiver of preliminary hearing and Appellant's arraignment?

The State rephrases the issue as:

Did the district court properly conclude that Appellant was not denied his constitutional right to a speedy trial due to the delay between his waiver of a preliminary hearing and his arraignment?

## FACTS

[¶4] On April 16, 2001, Walters was charged with third degree sexual assault, and his initial appearance was set for May 24, 2001. Walters retained counsel who entered an appearance, moved to continue Walters' initial appearance, and waived Walters' right to a speedy preliminary hearing on May 18, 2001. The initial appearance was rescheduled for June 14, the same day Walters waived his right to a preliminary hearing. On September 7, the Information was filed in the district court, and the State moved for setting of arraignment. Walters had not been jailed and was released on his own recognizance.

[¶5] On October 8, 2001, Walters moved to disqualify the district judge. The case was assigned to a circuit court judge, and arraignment was set for December 12. Walters objected to a circuit court judge assignment and filed a motion to dismiss for deprivation of right to a speedy trial. On December 14, 2001, the case was reassigned to another district court judge who set the arraignment and motion hearing for February 5, 2002.

[¶6] At that hearing, Walters entered a not guilty plea, but defense counsel objected to a trial date of March 11, 2002, because counsel had a scheduled vacation at that time. The trial was set for May 7, 2002. The motion to dismiss was heard, and Walters asserted that the ten-month delay from arrest was prejudicial because the deputy sheriff in charge of the investigation and who had obtained Walter's confession during a taped interview had died on July 28, 2001. The deputy's death prevented inquiry concerning Walters' allegations that the deputy had not advised Walters of his rights and had allowed the interview tape to be damaged. Additionally, three witnesses who had been present in the house when the alleged sexual assault occurred had since moved, and Walters lacked the funds to find them and return them for trial.

[¶7] The district court determined that discovery could resolve issues relating to the deputy's interview and handling of the tape. The district court also found that Walters had not attempted to interview the witnesses before they moved, had not attempted to locate them since and could request fees from the public defender's office for assistance. For these reasons and because incarceration was not a concern, the district court ruled that any delay attributable to the State was not prejudicial to Walters. The court's order denying the motion to dismiss issued on February 11, 2002.

[¶8] On March 28, 2002, defense counsel filed a motion to withdraw. At the hearing on April 22, 2002, Walters did not appear, and a bench warrant was issued for his arrest. The hearing was continued to the next day, and a public defender was appointed. On May 22, 2002, the State moved to revoke Walters' release on bond because of allegations that he was involved in another sexual assault. His recognizance bond was revoked, and trial was set for August 20, 2002. Later, that same date was set for a change of plea and sentencing hearing.

## DISCUSSION

*Standard of Review*

[¶ 9] Walters does not claim any violation of W.R.Cr.P. 48(b).[1] He does claim that his constitutional right to a speedy trial was violated by the delay that occurred prior to arraignment. W.R.Cr.P. 48 governs the time period between arraignment and trial; however, delays between the time of charge and the time of trial are subject to the Sixth Amendment to the United States Constitution. *Warner v. State,* 2001 WY 67, ¶ 9, 28 P.3d 21, 26 (Wyo.2001); *Doggett v. United States,* 505 U.S. 647, 651, 655–56, 112 S.Ct. 2686, 2690, 2692–93, 120 L.Ed.2d 520 (1992); *Jennings v. State,* 4 P.3d 915, 921 (Wyo. 2000). This Court examines de novo the constitutional question of whether a defendant has been denied a speedy trial in violation of the Sixth Amendment. We review the district court's factual findings for clear error.

[¶ 10] The Sixth Amendment guarantees that the accused shall enjoy the right to a speedy and public trial. In deciding whether a defendant has been denied a speedy trial, courts must balance 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) the prejudice to the defendant. *Warner,* ¶ 10, *Campbell v. State,* 999 P.2d 649, 655 (Wyo.2000); *Barker v. Wingo,* 407 U.S. 514, 530, 533, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). None of these factors alone is sufficient to establish a speedy trial violation, "[r]ather they are related factors and must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. "The determinative dynamic in our inquiry is whether the delay in bringing the accused to trial was unreasonable, that is, whether it substantially impaired the right of the accused to a fair trial." *Warner,* ¶ 10, *Wehr v. State,* 841 P.2d 104, 112 (Wyo.1992). When a speedy trial violation is found to have occurred, the charges must be dismissed.

*Warner,* ¶ 10; *Barker,* 407 U.S. at 522, 92 S.Ct. at 2188.

*Length of Delay*

[¶ 11] Between June 14, 2001, when Walters waived his right to a preliminary hearing, and February 5, 2002, when he was arraigned, 235 days had elapsed. This time period is not presumptively prejudicial or significantly long and would not be found to violate his constitutional rights absent a showing of prejudice. *Taylor v. State,* 2001 WY 13, ¶ 6, 17 P.3d 715, ¶ 6 (Wyo.2001) (holding 236 days is not presumptively prejudicial); *Osborne v. State,* 806 P.2d 272, 277 (Wyo.1991) (holding 244 days is not presumptively prejudicial, but requiring further analysis).

*Reasons for Delay*

[¶ 12] Walters asserts there was an 83–day delay from June 14, 2001, when Walters orally waived his preliminary hearing, and September 7, 2001, the date the State requested a setting for arraignment, and this delay may have been in part due to his request for a change of judges, but the State had no reason for its failure to timely request an arraignment setting. The record shows that almost half of the delay was caused by Walters' dissatisfaction with the assignment of judges and the resulting docketing issues. *See McDaniel v. State,* 945 P.2d 1186, 1189 (Wyo.1997).

*Assertion of Right*

[¶ 13] Between Walters' waiver of preliminary hearing on June 14, 2001, and his motion to dismiss filed on December 7, 2001, a delay of 177 days occurred. The State contends that Walters' assertion of his right was another delaying tactic and deserves little weight in evaluating his speedy trial claim. However, we agree with the district court's finding that the delays in this case were the fault of the State, the court and the defen-

---

1. Rule 48(b) states:
   (b) *Speedy trial.*—
   (1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.

   (2) A criminal charge shall be brought to trial within 180 days following arraignment unless continued as provided in this rule.

dant, the State's delays should not be allowed to happen, and this factor should be balanced with the other factors.

*Prejudice*

[¶ 14] The delays attributable to the State were no more than 120 days, a time period that does not deprive a defendant of a speedy trial unless prejudice is demonstrated. *Taylor*, ¶ 6. For that time period, we do not consider whether pretrial anxiety prejudiced the defendant and do not consider that factor here. *See McDaniel*, 945 P.2d at 1189. Walters was not incarcerated and did not show that his defense was impaired because he failed to prove that three witnesses were actually unavailable and the deputy's actions could not be established through discovery. Walters' constitutional right to a speedy trial was not violated. *See Warner*, ¶ 17; *Campbell*, 999 P.2d at 656.

[¶ 15]   Affirmed.