## KINSLER *v*. THE TERRITORY OF WYOMING.

CHALLENGING JURORS.—Where the statutes prescribe fully and distinctly the qualifications of jurors and the points upon which they may be interrogated by counsel, questions as to entirely different matters are not permissible.

SENTENCE.—Where a defendant under an indictment for felony has been irregularly sentenced, the proper course is to again pass sentence upon him in due form.

IDEM.—If the court fails to interrogate the prisoner, before passing sentence, as to whether he has anything to say why sentence should not be passed upon him, such failure furnishes no ground for a reversal of judgment, especially as the supreme court must impose the sentence *de novo*.

ERROR to the District Court for Laramie County.

The writ of error in this case was prosecuted by Toussaint Kinsler, the defendant below, to reverse the judgment of the district court of the first judicial district for the county of Laramie, at the November term, 1872, of such court, in a cause wherein the said Kinsler was indicted for murder in the first degree, for the killing of one Adolph Pinea, and at the same term of court, tried, found guilty as charged in the indictment and sentenced to suffer the extreme penalty of the law. The affidavit referred to in the brief of the plaintiff in error, is one made by his counsel to the effect that the plaintiff in error had not, before his trial, been served with a true copy of the indictment, as provided by the laws of the territory of Wyoming.

*W. H. Miller*, for plaintiff in error.

The first error assigned upon the record is, that the duly certified transcript of all the proceedings in said cause in the court below, shows that there were two different sentences imposed upon this plaintiff in error, and upon two different days; first, upon the fourth day of December, 1872, upon motion of the prosecuting attorney, sentence was pronounced by the court in the following words and figures:

"The sentence of the court is, that you, the defendant Toussaint Kinsler, be taken hence to some secure place, until Thursday, the second day of January, A. D. 1873, and then to be hanged by the neck until you are dead."

On the fifth day of December, 1872, the plaintiff in error was again brought before the court, and then and there another and a different sentence was imposed upon him, in words and figures as follows:

"The sentence of the court is, that you, Toussaint Kinsler, be taken hence to the prison whence you came, to be there kept in the custody of the sheriff of Laramie county, until the day of execution, and that on Thursday, the second day of January, A. D. 1873, within the walls of the prison of said county, or within an inclosure to be provided for the purpose, in accordance with the requirements of the laws of this territory, between the hours of twelve o'clock M. and two o'clock P. M. of said day, you be then and there hanged by the neck until you are dead."

It is material that it should appear upon the record that the prisoner, under conviction by return of verdict of the jury, when the punishment is death, was, before receiving his sentence from the court, interrogated as to whether he had anything to say why judgment of death should not be pronounced on him. An omission is fatal: Bish. Crim. Proc. p. 865, sec. 865, and notes 4 and 5; Barb. Crim. Law, 370; *Safford* v. *People,* 4 Park. 470–479.

The record in this cause does not show that the plaintiff in error was thus interrogated at the time of passing sentence by the court, or at any time previous thereto, in either of the above-mentioned sentences.

The second error assigned upon the record is, that the court overruled the objection made by the attorney for the plaintiff in error, to the reading of the indictment in this cause to the jury, in the progress of the trial, because no copy of the indictment upon which the cause was being tried had been served upon Toussaint Kinsler, the defend-

8

ant therein, as required by law, or in the manner required by law, referring to the record of affidavit of W. H. Miller, cites Crim. Code of Wyoming Ter., secs. 97, 109.

The offense charged upon the plaintiff in error is a statutory one, hence in all the steps taken, or prescribed by the statute to be taken by the prosecution, in order to place the defendant in an indictment on trial, the law, as laid down in the statute, must be followed; and no defendant in a criminal cause can be called on by the court to answer to an indictment for felony, nor can he be compelled to answer or to be arraigned until the requirements of the law in such cases made and provided are complied with, and in all criminal proceedings everything is construed most favorably for the defendant and against the state: Code Crim. Pro. 483.

*W. W. Corlett,* for defendant in error.

Judgment of the district court affirmed, and the prisoner re-sentenced by the supreme court, in accordance with the provisions of the statutes of the territory of Wyoming.