2010 WY 32

**Jovan Dovante PRESBURY,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. S–09–0111.**

Supreme Court of Wyoming.

March 22, 2010.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Jovan Dovante Presbury pleaded guilty to one count of aggravated robbery. After not being given the opportunity to address the court during sentencing, he appeals. We reverse, and remand for resentencing.

## ISSUE

[¶ 2] Presbury states his single issue as follows:

> The trial court denied Mr. Presbury's right of allocution prior to sentencing.

The State responds that

> Although the district court did not address [Mr. Presbury] during sentencing, any such error was harmless.

## FACTS

[¶ 3] Jovan Dovante Presbury was charged in Laramie County, Wyoming, with three counts arising out of the same incident: conspiracy to commit aggravated burglary, accessory to aggravated robbery, and robbery. He was later charged with a count of attempted second degree murder, also arising out of the same incident.

[¶ 4] Eventually the two cases were joined, and the parties reached a plea agreement. An amended information was filed combining the cases, but reducing the charge to a single count of aggravated robbery. Presbury entered a guilty plea to this single charge, and was sentenced to a term of fourteen to eighteen years with credit for time served.

[¶ 5] Presbury appeals based on his claim that the district court failed to follow the requirements of W.R.Cr.P. 32(c)(1)(C) ("... before imposing sentence, the court shall also address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.") Presbury claims that he was never addressed by the court,

and was thus not offered any opportunity to make a statement or present any mitigating information.

## STANDARD OF REVIEW

[¶ 6] The following standard of review applies to alleged errors during sentencing:

Sentencing decisions are normally within the discretion of the trial court.... "A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." ... "An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial."

*Carothers v. State*, 2008 WY 58, ¶ 23, 185 P.3d 1, 14–15 (Wyo.2008) (internal citations omitted).

## DISCUSSION

[¶ 7] Presbury argues on appeal that he should have been given his right to allocution under the Wyoming Rules of Criminal Procedure (akin to the Federal Rules of Criminal Procedure). The State responds that while the record is clear that the district court did not address Presbury at sentencing to determine if he wished to make a statement and present any mitigating evidence, Presbury nevertheless fails on appeal to show how that omission materially prejudiced him—thus, any error by the district court was harmless.

[¶ 8] Wyoming Rule of Criminal Procedure 32(c)(1)(C) states in relevant part:

(c) *Sentence.—*

(1) Imposition.... Before imposing sentence, the court shall also:

. . . .

(C) Address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

[¶ 9] Rule 32 preserves the historically common-law "right to allocution," which this Court has before characterized as "constitutionally protected." A criminal defendant's right to allocution is both rule-based and constitutionally protected. *Christy v. State*, 731 P.2d 1204, 1207 (Wyo.1987). Moreover,

The origin of a defendant's right to allocution—to address the court before having sentence pronounced—lies in English common law. Under early English criminal practice, an accused was not allowed counsel nor was he a competent witness for himself. Allocution provided a convicted defendant the only opportunity to speak for himself, and its omission would generally have required reversal. Annotation, *Necessity and Sufficiency of Question to Defendant as to Whether He Has Anything to Say Why Sentence Should Not Be Pronounced Against Him*, 96 A.L.R.2d 1292, 1295 (1964). In the early days of Wyoming jurisprudence, this court did not consider it reversible error if the trial court failed to properly allow the defendant to allocute. *Kinsler v. Territory of Wyoming*, 1 Wyo. 112 (1873) (Convicted murderer resentenced using procedures in accordance with statutory sentencing provisions). The omission of the court to address the defendant did not require a new trial, but it did require setting aside the judgment in order to allow compliance with the requirement. *Keffer v. State*, 12 Wyo. 49, 73 P. 556, 560 (1903).

*Harvey v. State*, 835 P.2d 1074, 1081–82 (Wyo.1992).

[¶ 10] Federal courts have recognized that in the absence of an opportunity to allocute being given, it is almost impossible to ascertain what the effect of the opportunity would have been had the error not occurred. *See United States v. Luepke*, 495 F.3d 443, 451 (7th Cir.2007) (when there has

been a violation of the right to allocute, a reviewing court should presume prejudice when there is any possibility that the defendant would have received a lesser sentence had the district court heard from him before imposing sentence); *United States v. Prouty,* 303 F.3d 1249, 1252 (11th Cir.2002) ("prejudice must be found if a defendant has not been given the opportunity to speak to the court when the possibility of a lower sentence existed"); *United States v. Jarvi,* 537 F.3d 1256, 1262 (10th Cir.2008) ("The government concedes that a denial of allocution is per se prejudicial and requires a remand without an investigation of prejudice").

[¶ 11]  In this case, Presbury, who at the time was 20 years old, was sentenced to fourteen to eighteen years in prison.  He was not addressed by the court, nor was he given a chance to say anything on his own behalf.  Whether or not he would have done so is unknown, but the rule is clear in its language ("Before imposing sentence, the court shall . . ."). We reject the State's argument that the error in this case was harmless.  Presbury should have been afforded his right to allocution, and therefore, we remand for resentencing after he has been given a chance to exercise his right.

## CONCLUSION

[¶ 12]  Because Presbury was denied his right to allocution by the district court, we remand Mr. Presbury's case to the district court for resentencing after he has been afforded an opportunity to allocute under W.R.Cr.P. 32(c)(1)(C).