# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 107

APRIL TERM, A.D. 2013

*September 17, 2013*

CHRISTOPHER D. BALDERSON,

**Appellant**
**(Defendant),**

**v.**

S-12-0267

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Park County*
*The Honorable Steven R. Cranfill, Judge*

*Representing Appellant:*
Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel; Wyoming Public Defender Program

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Christyne Martens, Assistant Attorney General

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    After a day of jury trial, Appellant Christopher D. Balderson pled no contest to one felony count of aggravated assault and battery and one count of misdemeanor battery. Before taking his plea, the district court reminded him of the explanation of his constitutional rights given at arraignment, but failed to advise him of the potential loss of firearm rights, and any impact that loss might have on employment in occupations that require the use of a firearm, as required by Wyoming Statute § 7-11-507. Balderson claims that he should be permitted to withdraw his plea because he was not properly advised. He also contends that several other errors occurred during the change of plea and sentencing hearing.

[¶2]    The State urges us to adopt a rule that would not require firearms advisements for defendants with prior convictions which disqualify them from possessing firearms under federal law. However, we cannot read an exception that the legislature has not enacted into the statute, and instead hold that § 7-11-507 applies to all defendants facing a charge which may under federal law result in loss of firearms rights and employment requiring possession of a firearm. We therefore set Balderson's conviction aside and remand with instructions that his original not guilty plea be reinstated, or that he be allowed to plead anew.

## ISSUES

[¶3]    Appellant summarizes the issues in this case as follows:

> I.      Did the trial court commit reversible error by failing to advise Mr. Balderson of his rights as required by W.S. § 7-11-507?
>
> II.     Did the trial court err by violating W.R.Cr.P. 11 and W.R.Cr.P. [32] to the extent that Mr. Balderson was denied due process of law?

We find the first issue to be dispositive, and therefore decline to address the second.

## FACTS

[¶4]    Appellant was charged in Park County with two felony counts of aggravated assault and battery under Wyoming Statute § 6-2-502(a)(i) and (ii), as well as two counts of misdemeanor battery in violation of Wyoming Statute § 6-2-501(b). The probable cause affidavit supporting the information alleged that Balderson attacked another patron at a bar in Powell without provocation. He was also accused of using a bar stool to strike another customer, and then of kicking the man in the face when he was on the floor,

1

abetted by other "Maryland boys,"[1] who had accompanied him to the bar. The incident was captured on the bar's video surveillance system.

[¶5] Balderson pled not guilty to all charges. The district judge advised him of his constitutional rights as required by W.R.Cr.P. 11(b), and Balderson indicated that he understood them. The advisement did not include an explanation of the effect of a felony conviction on the right to own or possess a firearm or the effect of that loss on employment.

[¶6] Balderson was appointed counsel, but soon discharged his public defender. He tried to defend himself for a time, but ultimately proceeded to trial with two public defenders representing him.

[¶7] After a day of trial involving jury selection, opening statements, and the presentation of foundation evidence for the video to be offered the following day, Balderson and the State arrived at a recommended plea agreement. He agreed to plead no contest to one count of aggravated assault and battery and one count of misdemeanor battery in exchange for a recommendation of a concurrent term of two to four years of confinement, with credit for time served on each charge, and dismissal of the remaining charges. He also requested and agreed to a post-sentence investigation so that he could go to the state penitentiary sooner. *See* W.R.Cr.P. 32(a) (court may permit the presentence investigation report to be filed after sentencing with the parties' consent). The State also agreed to withdraw a petition for revocation of probation in an unspecified misdemeanor case not before the district court.

[¶8] The district court held a change of plea hearing with the jury waiting in the jury room. The prosecutor offered the affidavit of probable cause as the factual basis for the no contest plea. The district judge did not state that he had considered probation, and he did not offer Balderson a chance to speak in mitigation of sentence.[2] Balderson was not advised that he would lose his right to own or possess firearms and be ineligible to work in any occupation requiring possession of a gun.

---

[1] Balderson was evidently one of several gentlemen who came from Maryland to Powell seeking employment, and who found both time and money to spend in local drinking establishments.

[2] *See* W.R.Cr.P. 32(c)(1)(C) ("Before imposing sentence, the court shall also . . . . [a]ddress the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence."); *Presbury v. State*, 2010 WY 32, ¶ 9, 226 P.3d 886, 888 (Wyo. 2010) ("A criminal defendant's right to allocution is both rule-based and constitutionally protected."). The purpose of a no contest or *nolo contendere* plea is to protect the defendant from use of the plea against him in a later civil proceeding. 1A Charles A. Wright & Andrew D. Leipold, *Federal Practice & Procedure* § 175 at 191 (4th ed. 2008). We acknowledge the obvious fact that the plea would be of little value for that purpose if the defendant admits or justifies the conduct in question and thereby creates a statement which can be used against him in a civil action if, as here, he may face a lawsuit for personal injury damages.

[¶9]   Defense counsel then offered a no contest plea on Balderson's behalf, and the court accepted the plea.  The district judge did not pronounce sentence at the hearing, but instead recited the terms of the plea agreement and later entered a written judgment and sentence which implemented the parties' sentencing recommendation.  This appeal was timely perfected.

## STANDARD OF REVIEW

[¶10] This appeal requires us to construe a statute requiring advisement as to the possible loss of firearms rights, and to determine whether the district court provided that advisement. These are legal determinations to be made *de novo*.  *Starrett v. State*, 2012 WY 133, ¶¶ 9, 19, 286 P.3d 1033, 1036–37, 1040 (Wyo. 2012).

## DISCUSSION

[¶11]  In 2009, the Wyoming Legislature passed "[a]n Act . . . requiring advisements of potential loss of firearms rights prior to conviction upon a plea of guilty or nolo contendere . . . ." *See* 2009 Wyo. Sess. Laws ch. 19, § 1 (codified at Wyo. Stat. Ann. § 7-11-507).  The statute provides as follows:

> (a) No judgment of conviction shall be entered upon a plea of guilty or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) or other federal law unless the defendant was advised in open court by the judge:
>
> > (i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and
> >
> > (ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

Wyo. Stat. Ann. § 7-11-507 (LexisNexis 2013).

[¶12]  In *Starrett*, *supra*, the appellant pled guilty to the felony of third-degree sexual assault, but the district court did not advise him of the potential loss of his firearms rights

3

under federal law. 2012 WY 133, ¶ 5, 286 P.3d at 1035. He sought to withdraw his plea, claiming on appeal that "we must simply obey the legislative command: because the district court did not give him the [firearms] advisement in open court, no judgment of conviction shall be entered upon his plea of guilty." *Id.* at ¶ 10, 286 P.3d at 1037. We reviewed § 7-11-507 using the usual principles of statutory interpretation, and also noted that W.R.Cr.P. 32 requires a judgment of conviction upon a plea of guilty or *nolo contendere* to include any "advisements required by law." *Id.* at ¶¶ 9, 11, 286 P.3d at 1036–37 (citations omitted).

[¶13] We allowed the appellant in that case to withdraw his plea because the district court failed to provide the required advisement:

> Wyo. Stat. Ann. § 7-11-507 is clear and unambiguous . . . . The advisement in Wyo. Stat. Ann. § 7-11-507 is required, and W.R.Cr.P. 32(b)(1)(E) mandates that the judgment of conviction upon Starrett's plea of guilty must include that advisement. The district court's failure to give Starrett that required advisement was a Rule 32 error . . . [which] requires us to set aside Starrett's judgment of conviction and remand to that court with directions that he be permitted to plead anew.

*Id.* at ¶ 19, 286 P.3d at 1040.[3]

[¶14] Balderson pled no contest to one count of aggravated assault and battery, which is a felony with a maximum term of ten years imprisonment. *See* Wyo. Stat. Ann. § 6-2-502(b) (LexisNexis 2013). A conviction of this offense would obviously disqualify him from possessing firearms under federal law because it is a crime "punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 922(g)(1) (2012). Consequently, the district court was required to advise him that he would lose the right to possess firearms, and that he could not be employed or continue to be employed in occupations that would require him to possess or carry a firearm. § 7-11-507.

[¶15] However, the State claims that the district court did not err when it failed to advise Balderson of the potential loss of his firearms rights because he had already lost them. Relying on the word "may" in § 7-11-507(a) and (a)(ii), the State argues that the statute only requires advisement to defendants whose right to possess firearms could actually be lost by virtue of a guilty or no contest plea and conviction, and not of those who are already disqualified from possessing firearms by previous convictions. The State claims

---

[3] In the later case of *Lunden v. State*, 2013 WY 35, 297 P.3d 121 (Wyo. 2013), we held that the appellant waived any claim that his plea had to be set aside because it was not raised on direct appeal. *Id.* at ¶¶ 8–11, 297 P.3d at 123–24. Mr. Balderson has properly raised this issue on direct appeal.

that Balderson was already disqualified from possessing firearms by two previous convictions reflected in the post-sentence investigation report, and that the district court was not therefore required to advise Balderson of any potential loss of firearms rights.

[¶16]  The post-sentence investigation report is not as clear as the State believes it to be. Balderson had pled guilty to a charge of second degree assault in Maryland, but he had not been sentenced as of the date of his change of plea in Park County.  Moreover, in the place in which the agent was to indicate whether the crime was a misdemeanor or felony, the report indicates that the answer is "unknown."

[¶17]  As to the second conviction, the post-sentence investigation report describes it as misdemeanor malicious destruction of property.  However, the report also indicates that Balderson was to serve two to three years of incarceration, and that he was paroled after serving a portion of that sentence.  A crime allowing a sentence of over one year of incarceration would, as noted above, result in loss of the right to own or possess firearms under federal law, and the term "parole" is associated with a prison sentence.  Paul F. Cromwell, et. al., *Probation and Parole in the Criminal Justice System* 151 (2d ed. 1985). The report thus contains conflicting information.

[¶18]  A district judge does not generally need to know whether a defendant has prior felonies or misdemeanor domestic violence convictions when a guilty or no contest plea is taken, unless the nature of the offense makes such a conviction an element.[4] Information concerning prior convictions typically becomes available when a presentence investigation is completed and a sentencing hearing is held, often weeks after the change of plea.  The only proof that Balderson had prior felony convictions is a report which was not available to the district judge at the change of plea/sentencing hearing because the parties agreed to a post-sentence investigation report.  Nothing else in this record provides any information concerning his criminal history.

[¶19]  Section 7-11-507 provides that "[n]o judgment of conviction shall be entered upon a plea of guilty or nolo contendere to **any charge** which **may** result in the disqualification of the defendant to possess firearms . . . **unless** the defendant was advised in open court by the judge." § 7-11-507 (emphasis added).  The use of the word "charge" indicates to us that the legislature intended to require that the advisement be given if the charge is one which could result in loss of firearms privileges.[5]  Unlike the State, we interpret the word

---

[4] Examples include felon in possession of a firearm or third-offense domestic battery.  *See* Wyo. Stat. Ann. §§ 6-2-501(b), (e), (f)(ii); 6-8-102 (LexisNexis 2013).

[5] We construe the phrase "may result in the disqualification of the defendant to possess firearms," as a modifier for the immediately preceding phrase, which is simply "any charge."  We recently explained the general rule for interpretation of modifying clauses in *Waid v. State ex rel. Department of Transportation*, 996 P.2d 18 (Wyo. 2000):

"may" to instruct courts to give the advisement if it is possible for a conviction of the crime charged to result in the loss of firearms rights. If the legislature had intended the advisement to be given only if a defendant had not already lost his firearms privileges, it could easily have said so, but did not.

[¶20] It is not always clear whether a given conviction will result in the loss of the right to possess a firearm, and trial judges can hardly be expected to tailor advisements to comply with this complex and difficult area of federal law when they accept a plea.[6] In addition, the federal government has the power to restore firearms ownership privileges, and even if a judge knows that there has been a conviction, he or she may not know whether firearms privileges have been restored. *See* 18 U.S.C. § 925(c) (2012) (procedure for restoration of firearms rights); 27 C.F.R. § 478.11 (federal firearms disability relieved if the conviction has been expunged, set aside, pardoned, or if the individual's civil rights have been restored, unless state law or the pardon, expungement, or restoration of civil rights provides otherwise); Daniel Brenner, *The Firearm Owners' Protection Act and the Restoration of Felons' Right to Possess Firearms: Congressional Intent Versus Notice*, 2008 U. Ill. L. Rev. 1045 (circuit split "regarding whether a pardon, expungement, or restoration reinstates the entirety of a former felon's civil rights when an applicable state law provides that felons may not possess firearms or ammunition."); Ryan Laurence Nelson, *Rearming Felons: Federal Jurisdiction Under 18 USC § 925(C)*, 2001 U. Chi. Legal F. 551, 551–52 (circuit split on whether federal district courts have jurisdiction to review firearms restatement requests).

[¶21] The reasoning behind the State's position is not without its attraction–it is certainly fair to ask what difference the advisement would make in the case of a

---

Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence. Thus a proviso usually is construed to apply to the provision or clause immediately preceding it.

*Id.* at 23 (quoting 2A *Sutherland Statutory Construction* § 47.33 at 270 (5th ed. 1992)) (internal quotation marks omitted). *See also Peterson v. Wyoming Game & Fish Comm'n*, 989 P.2d 113, 119 (Wyo. 1999) (qualifying phrase in peace officer statutes modified immediately preceding phrase).

[6] *See, e.g.*, Lee G. Lester, *Small v. United States: Defining "Any" As A Subset of "Any"*, 40 U. Rich. L. Rev. 631, 632 (2006) ("The current language in [18 U.S.C.] § 922(g)(1) has undergone a lengthy and confusing history."); Nelson Lund, *The Ends of Second Amendment Jurisprudence: Firearms Disabilities and Domestic Violence Restraining Orders*, 4 Tex. Rev. L. & Pol. 157, 164 n.12 (1999) (describing federal gun rights legislation as "very lengthy and complex"); Emily J. Sack, *Confronting the Issue of Gun Seizure in Domestic Violence Cases*, 6 J. Center for Families, Child. & Cts. 3, 4 (2005) ("Numerous constitutional challenges have been mounted to both sections 922(g)(8) and 922(g)(9) on several different grounds."); Brad Thoenen, *Multiple Convictions for Single Acts of Possession - the Eighth Circuit Finally Gets It Right*, 72 Mo. L. Rev. 265, 284 (2007) (describing some courts as "bewildered" by the scope and purpose of 18 U.S.C. § 922(g)).

defendant with prior felony convictions. Moreover, defendants with multiple felony convictions have probably been advised as to the loss of firearms privileges before. That is not the point–the legislature directed that no judgment of conviction be entered without advisement as to the potential loss of firearms privileges and its effect on employment in occupations requiring an employee to possess a gun.

[¶22] It is both simple and routine to read the required firearms advisement to every defendant who is charged with "a crime punishable by imprisonment for a term exceeding one year" or a "misdemeanor crime of domestic violence." *See* 18 U.S.C. § 922(g)(1), (g)(9) (2012). District courts deal with felonies, meaning that the advisement can simply be given in every district court criminal case in which a guilty or no contest plea is offered.[7] *See* Wyo. Const. art. 5 § 10; Wyo. Stat. Ann. § 5-9-129 (LexisNexis 2013). Reading the advisement places the onus on a defendant to determine whether he wishes to enter a plea knowing that he may lose his right to own or possess firearms and to work in any occupation in which he might have to possess or carry a gun.

[¶23] We presume the legislature to adopt legislation which is reasonable and logical. *Vineyard v. Jenkins*, 983 P.2d 1234, 1237 (Wyo. 1999). Requiring judges to advise defendants that a conviction may result in loss of firearms rights, regardless of a particular defendant's criminal history, is a reasonable and logical means to assure that the policy behind the statute is implemented, and to avoid the complications of after-the-fact justifications for having failed to give the advisement.

[¶24] We therefore conclude that the firearms advisement was mandatory in this case, as it was in *Starrett*, because "exceptions not made by the legislature in a statute cannot be read into it." *Starrett*, ¶ 9, 286 P.3d at 103 (quoting *Hede v. Gilstrap*, 2005 WY 24, ¶ 6, 107 P.3d 158, 163 (Wyo. 2005)). *See also United States v. Nat'l City Lines*, 80 F. Supp. 734, 741 (S.D. Cal. 1948) ("[A] statute general in its language is to be given general application. No exceptions will be read into a statute of such character.") (footnote omitted). If the Wyoming Legislature decides that failure to give the required advisement if a defendant may already be disqualified to own or possess firearms should not prevent the entry of a plea of guilty or no contest, it can legislatively overrule this decision by amending the statute.

[¶25] The district court's failure to advise Balderson as required by statute requires us to set aside the judgment of conviction and remand to that court for further proceedings

---

[7] The determination is somewhat more difficult in the circuit courts, where a charge of simple battery committed on a household member or spouse may be considered an act of domestic violence by federal authorities. *See* 18 U.S.C. 922(g)(9) (2012); Elizabeth S. Saylor, *Federalism and the Family After Morrison: An Examination of the Child Support Recovery Act, the Freedom of Access to Clinic Entrances Act, and A Federal Law Outlawing Gun Possession by Domestic Violence Abusers*, 25 Harv. Women's L.J. 57, 130 (2002) (noting the difficulty in some cases in determining whether an offense was a domestic violence misdemeanor pursuant to 18 U.S.C. § 922(g)(9)).

consistent with this opinion.  We need not address Balderson's other claims of error during the change of plea hearing, as we have decided that he may withdraw his no contest plea if he wishes.  If he decides to plead guilty or no contest rather than go to trial after remand, a new plea will have to be taken.  We presume that the district court will comply with W.R.Cr.P. 11 and 32 and § 7-11-507 if that occurs.

## CONCLUSION

[¶26]  The district court failed to advise Balderson of the potential loss of his firearms rights under federal law as required by § 7-11-507, as well as the impact that might have on employment.  We therefore reverse his conviction and remand for further proceedings consistent with this opinion.