# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 95

APRIL TERM, A.D. 2021

August 18, 2021

RICHARD EUGENE MERLAK,

Appellant
(Defendant),

v.

S-21-0002

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
The Honorable Tori R.A. Kricken, Judge

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\* Chief Justice at time of brief-only conference.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Richard Eugene Merlak entered an *Alford* plea to third-degree sexual assault and was sentenced to 5-8 years in prison. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He raises two arguments on appeal relating to his competency at sentencing, one procedural and the other substantive. Procedurally, he argues the district court erred by imposing sentence without first orally finding him competent to proceed. He also substantively challenges the court's written finding he was competent to proceed with sentencing and contends the court should have instead *sua sponte* suspended the sentencing hearing and ordered a third competency evaluation. Finding no error, we affirm.

## ISSUES

[¶2]    Mr. Merlak raises one issue for our review, which we restate as follows:

1.      Did the district court err in imposing sentence without first making an oral finding Mr. Merlak was competent to proceed?

We also construe his brief as raising a second issue:

2.      Did the district court err by making a written finding Mr. Merlak was competent to proceed with sentencing rather than *sua sponte* suspending the sentencing hearing and ordering him to undergo a third competency evaluation?

## FACTS

[¶3]    MH, a developmentally disabled adult male, reported he had been sexually assaulted by his neighbor, Mr. Merlak. Specifically, MH claimed Mr. Merlak made him perform fellatio on Mr. Merlak; Mr. Merlak performed fellatio on him; and Mr. Merlak rubbed petroleum jelly on MH's anal area and digitally penetrated his anus. MH was transported to the hospital, where he was seen by a Sexual Assault Nurse Examiner (SANE nurse). Later testing of MH's penile swabs revealed the presence of Mr. Merlak's DNA.

[¶4]    The State charged Mr. Merlak with three counts of first-degree sexual assault in violation of Wyo. Stat. Ann. § 6-2-302(a)(iv) (LexisNexis 2021) ("Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if . . . [t]he actor knows or reasonably should know that the victim through a mental illness, mental deficiency or developmental disability is incapable of appraising the nature of the victim's conduct."). After pleading not guilty, Mr. Merlak filed a motion for a competency evaluation under Wyo. Stat. Ann. § 7-11-303(a) (LexisNexis 2021). The district court granted the motion, and Mr. Merlak was evaluated by Dr. Amanda Rice at the Wyoming State Hospital. Dr. Rice found him competent to proceed.

1

[¶5]     Mr. Merlak objected to Dr. Rice's "bare bone[s]" competency evaluation, and the district court granted his request for a second evaluation.  Dr. Douglas Scambler and Dr. Cynthia Hartung of High Plains Psychological Services, LLC, performed the second evaluation, which included an IQ test.  They found Mr. Merlak had an overall IQ score of 65, which was "extremely low" and placed him in the "1st percentile," meaning he scored lower than 99% of individuals his age.  However, his performance on the CAST*MR, the assessment tool used to determine competency for individuals with mild to moderate intellectual disabilities, revealed "he had a relatively strong grasp of basic legal concepts and the details of his case."  As a result, Dr. Scambler and Dr. Hartung concurred with Dr. Rice that Mr. Merlak was competent to proceed.  Supplied with both evaluations, the district court held a competency hearing and found Mr. Merlak competent.

[¶6]     Several months later, Mr. Merlak notified the court that the parties had entered into a plea agreement and he wished to change his plea.  Under the terms of the plea agreement, the State agreed to amend the information to a single count of third-degree sexual assault under § 6-2-304(a)(iii), and Mr. Merlak agreed to enter an *Alford* plea to that charge, meaning he would be pleading guilty while simultaneously maintaining his innocence.  *See McEwan v. State*, 2013 WY 158, ¶ 15 n.4, 314 P.3d 1160, 1165 n.4 (Wyo. 2013) ("[A]n *Alford* plea is a guilty plea . . . .  It differs from a conventional guilty plea *because the defendant denies his guilt* and therefore does not supply a satisfactory basis for the plea, but instead seeks to obtain the benefit of a plea bargain to avoid a potentially harsher penalty than he might receive if he goes to trial and is convicted." (emphasis added) (citing *Alford*, 400 U.S. at 31, 91 S.Ct. at 164, and 5 Wayne R. LaFave, et al., Crim. Proc. § 21.4(f) (3d ed. 2007))); *Kurtenbach v. State*, 2008 WY 109, ¶ 7, 192 P.3d 973, 976 (Wyo. 2008) (an *Alford* plea is "a plea that allows an accused to voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence *even if he is unwilling or unable to admit his participation in the acts constituting the crime*") (emphasis added) (citation omitted).  The State also agreed to recommend a sentence of time served.

[¶7]     At the change of plea hearing, the district court reviewed Mr. Merlak's constitutional rights and informed him of the consequences of his plea.  Mr. Merlak indicated he understood.  The court also ensured he understood the plea agreement's terms and his plea was voluntary.  Important here, the court informed Mr. Merlak it was not bound by the parties' sentencing agreement and it was free to sentence him to the maximum term of 15 years in prison for third-degree sexual assault. Wyo. Stat. Ann. § 6-2-306(a)(iii) (LexisNexis 2021).  It warned him he could not withdraw his plea if it imposed a sentence which deviated from the plea agreement.  Mr. Merlak again stated he understood.  After ensuring there was a factual basis for the plea and finding Mr. Merlak competent to plead, the district court accepted his plea.

[¶8]     Several months later, the parties appeared for a sentencing hearing.  At the beginning of the hearing, defense counsel informed the court:

On his way over, Mr. Merlak tripped and had a bit of a nasty fall. Hit his head. I let him know for him to stay seated in his chair. I don't want him to stand. It's no disrespect to the Court. I just think . . . that it's probably better. He did, however, get checked out by [Emergency Medical Services] and he does want to proceed today.

The court agreed he should remain seated and, after swearing him in, asked Mr. Merlak whether he was under the influence of any drugs or alcohol or suffering from any mental deficiency which would affect his ability to understand the proceedings. Mr. Merlak responded, "No." The court then asked him about his fall:

THE COURT: . . . . I understand that on the way over to court just a few moments ago, you tripped and hit your head. I want to check in with you, make sure you feel as though you are able to proceed with this sentencing hearing today.

Do you feel comfortable proceeding?

[MR. MERLAK]: Yes.

. . . .

THE COURT: . . . . Are you able to understand everything I'm saying okay?

[MR. MERLAK]: Yes.

THE COURT: Okay.

If at any point in time you start feeling ill or as though you can't track what's going on and need to request that we stop today's proceedings, please let me know and we'll stop and we'll have you come back. I don't want to proceed if there [are] any concerns about how you're doing with having hit your head. Okay, sir?

[Mr. MERLAK]: Okay.

[¶9]   The court continued with the sentencing hearing. Consistent with the plea agreement, the State recommended a sentence of time served (775 days at the time of sentencing). Defense counsel also requested a sentence of time served. After the attorney's

3

arguments, the court asked Mr. Merlak if he was "doing okay so far?" Mr. Merlak nodded and, upon request by the court, verbally confirmed his answer. Mr. Merlak declined the court's offer to allocate. The court sentenced him to 5-8 years in prison, with credit for time served. Mr. Merlak appealed.

## DISCUSSION

[¶10] Mr. Merlak argues the district court erred by imposing sentence without first finding he was competent to proceed. He acknowledges, however, the district court made a written finding in the Judgment & Sentence that he was "alert and competent to proceed with sentencing." As a result, we interpret his argument as a procedural challenge to the court's failure to make an <u>oral</u> finding of competency at the sentencing hearing. We also construe Mr. Merlak's brief as claiming the court substantively erred in making a written finding he was competent to proceed with sentencing and should have instead *sua sponte* suspended the proceedings and directed he undergo a third competency evaluation.

[¶11] "'A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently.'" *Follett v. State*, 2006 WY 47, ¶ 8, 132 P.3d 1155, 1158 (Wyo. 2006) (quoting *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)) (other internal quotation marks omitted). "[A] defendant is competent, under the standards of due process, if he has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Godinez*, 509 U.S. at 396, 113 S. Ct. 2680) (other internal quotation marks omitted). This standard is codified in Wyo. Stat. Ann. § 7-11-302(a) (LexisNexis 2021), which prohibits a person from being "tried, sentenced or punished for the commission of an offense while, as a result of mental illness or deficiency, he lacks the capacity to: (i) [c]omprehend his position; (ii) [u]nderstand the nature and object of the proceedings against him; (iii) [c]onduct his defense in a rational manner; and (iv) [c]ooperate with his counsel to the end that any available defense may be interposed." "[T]he competency requirement continues from the time of arraignment through sentencing." *Follett*, ¶ 8, 132 P.3d at 1158 (citing *Godinez*, 509 U.S. at 403, 113 S.Ct. 2680 (Kennedy, J., concurring), and *deShazer v. State*, 2003 WY 98, ¶ 20, 74 P.3d 1240, 1248 (Wyo. 2003)).

[¶12] In *Fletcher v. State*, 2010 WY 167, ¶ 13, 245 P.3d 327, 331 (Wyo. 2010), we said, "'The determination of whether a defendant is mentally fit to proceed must be made by the trial court.'" *Id.* (quoting *Follett*, ¶ 8, 132 P.3d at 1158, and citing *Hayes v. State*, 599 P.2d 558, 563 (Wyo. 1979)). Mr. Merlak relies on this statement as support for his argument that the district court was required to make an oral finding he was competent to proceed prior to imposing sentence. His reliance is misplaced. The statement originates from our decision in *Hayes*. There we outlined the procedure to determine competency:

When reasonable cause exists to . . . believe [defendant is unfit to proceed due to a mental illness or deficiency], [§ 7-11-303] directs the court to order an examination of the accused by a designated examiner, who must file a written report of his examination with the clerk of court. The clerk delivers copies of the report to the prosecuting attorney and to the accused or his counsel. Within five days thereafter, both the state and the accused may make a written request for an examination by a designated examiner of their own choosing. Such examiner must furnish a copy of the report of his examination to the court and opposing counsel. The court then makes a determination and finding on the issue of fitness to proceed (after a hearing if there is a contest to the examination made by the first designated examiner, or if the court orders a hearing even if there is no contest). If the accused is found by the court not to be fit to proceed due to present mental illness or deficiency, provision is made for [his] hospitalization . . . . If the court finds that the accused is fit to proceed, the regular trial procedure continues.

*Hayes*, 599 P.2d at 562-63. We concluded:

Thus, the determination as to whether or not the accused is unfit to proceed due to mental illness or deficiency at the time of trial *is a court determination, not a jury determination*. It is not in the nature of a defense to the charge. It is a threshold issue, necessary to be resolved to prevent a violation of due process through conviction of a person incompetent to stand trial.

*Id*. (emphasis added) (footnote and citations omitted). The statement that a defendant's competency to proceed must be determined by the trial judge simply means competency is a determination for the court, not the jury.

[¶13] Mr. Merlak cites no other legal authority requiring a court to make an oral pronouncement at sentencing that the defendant is competent to proceed. Our own research has revealed nothing in our case law, statutes, or rules imposing such requirement. Indeed, as the State points out in its brief, W.R.Cr.P. 32(b)(1)(B)(i) requires a "judgment of conviction upon a plea of guilty or nolo contendere" to include a finding that "[t]he defendant was competent to enter a plea." That rule applies to the written judgment of conviction. However, no similar requirement is included with respect to the written sentence. Rule 32(c)(2). Here, the written judgment was combined with the sentence and

5

contained the appropriate finding. Our rules have no requirements for the contents of an oral sentence that is later reduced to writing.

[¶14] Finding no procedural error, we now turn to Mr. Merlak's substantive argument. He claims the district court erred in finding (in writing) he was competent to proceed with sentencing and should have instead *sua sponte* suspended the sentencing hearing and ordered him to be evaluated a third time. He points to the head injury he suffered immediately prior to the sentencing hearing as support for his argument the court should have stopped the sentencing hearing for a third evaluation. Mr. Merlak notes the head injury resulted in him being seated during the sentencing hearing and medically treated in the form of stitches after the hearing. He also claims his nods and one-word answers to the court's questions, his failure to allocute or provide mitigating evidence, and the court's deviation from the expected sentence of time served without explanation show he did not understand the proceedings.

[¶15] A trial court has a continuing duty to monitor whether a defendant's competency should be evaluated, including a duty to act *sua sponte* when the circumstances warrant. *McLaren v. State*, 2017 WY 154, ¶ 35, 407 P.3d 1200, 1208 (Wyo. 2017) (citing Wyo. Stat. Ann. §§ 7-11-303 and 7-11-304 (LexisNexis 2011)) (other citations omitted). However, because Mr. Merlak had already been subject to two competency evaluations, "'there must be "reasonable cause to believe [he] has a mental illness or deficiency making him unfit to proceed"' before other evaluations are mandated[.]" *Schaeffer v. State*, 2012 WY 9, ¶ 33, 268 P.3d 1045, 1058 (Wyo. 2012) (quoting *Follett*, ¶ 15, 132 P.3d at 1160 and § 7-11-303(a)). "There is no right to a continual succession of competency hearings in the absence of some new factor, and the Wyoming Rules of Criminal Procedure do not place a duty on the trial judge to hold hearing after hearing in the absence of some appearance of change in the defendant's condition since the ruling on competency was made." *Fletcher*, ¶ 29, 245 P.3d at 336 (citation omitted). The parties agree we should review the trial court's decision not to order a further competency evaluation under the substantial evidence standard. *Marshall v. State*, 2016 WY 119, ¶ 12, 385 P.3d 304, 308 (Wyo. 2016). Based on our holding in *Schaeffer*, we look to see whether the court's decision is "'fairly supported by the record of the proceeding at which the [decision was] made.'" *Schaeffer*, ¶ 32, 268 P.3d at 1058 (citations and internal quotation marks omitted).

[¶16] The district court's decision finding Mr. Merlak competent to proceed with sentencing and not ordering a third evaluation is supported by substantial evidence. The only new information potentially impacting Mr. Merlak's fitness to proceed between the second evaluation and the sentencing hearing was the head injury. However, there is no evidence the head injury gave the court reasonable cause to believe he had developed a "mental illness or deficiency" rendering him incompetent to proceed with sentencing. Section 7-11-302(a). Indeed, the record is to the contrary. Defense counsel informed the court Mr. Merlak had suffered a head injury on the way to the courtroom for the sentencing hearing but he had been "checked out by [Emergency Medical Services]." The logical

6

inference from this statement is Mr. Merlak had been treated and medically cleared to proceed. Defense counsel also told the court Mr. Merlak wished to proceed with sentencing, and Mr. Merlak himself confirmed to the court he was comfortable proceeding despite his injury.

[¶17] During her argument, defense counsel informed the court she "believe[d]" Mr. Merlak would "probably" be going to the hospital for stitches after the hearing. However, there is no indication in the record he in fact did so. In any event, a head injury requiring stitches does not, without more, equate "to a mental illness or deficiency" rendering one unfit to proceed. There was nothing "more" in this case. Mr. Merlak informed the court he understood what was being said. Although invited to do so, he never requested the court stop the proceedings. Nor did he give the court any indication he was having difficulties comprehending what was occurring.

[¶18] Mr. Merlak's nods and one-word answers did not provide the district court reasonable cause to believe he was mentally unfit to proceed with sentencing. There is nothing unusual about such answers, especially since the questions posed to him were amenable to a yes or no answer or a nod of the head. Moreover, his one-word answers were consistent with his answers at the change of plea hearing, which occurred after the second competency evaluation and prior to the head injury. In other words, his answers did not amount to a "change in his condition" or "new information" triggering the need for further evaluation. *See McLaren,* ¶ 39, 407 P.3d at 1209 (defendant's odd behavior during trial did not warrant an additional competency evaluation because it was consistent with his behavior prior to trial and therefore did not constitute "a change in his condition sufficient to cause the district court to reasonably believe that Mr. McLaren was unfit to proceed"); *Marshall*, ¶ 19, 385 P.3d at 310 ("The report of Mr. Marshall's original competency evaluation makes clear that his behavior and statements prior to and during the [change of plea] hearing in March 2016 were not different or distinct from the behaviors presented during the initial competency evaluation in October 2015. Because there was no new information presented that would give 'reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed,' we find substantial evidence to support the district court's determination that further inquiry into Mr. Marshall's competency was not warranted.") (citations omitted).

[¶19] Mr. Merlak's decision not to allocute or provide mitigating information did not provide the district court reasonable cause to believe he was incompetent. In the context of criminal sentencing, "allocution" means "'[a]n unsworn statement from a convicted defendant to the sentencing judge or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence.'" *Wilson v. State*, 2007 WY 55, ¶ 10 n.1, 155 P.3d 1009, 1011 n.1 (Wyo. 2007) (quoting Black's Law Dictionary 83 (8th ed. 2004)). Asking for mercy, explaining his conduct, apologizing, or providing mitigating information would have been inconsistent with Mr. Merlak's *Alford* plea, which allowed him to take advantage of the

plea agreement while maintaining his innocence to the charge. *See McEwan*, ¶ 15 n.4, 314 P.3d at 1165 n.4; *Kurtenbach*, ¶ 7, 192 P.3d at 976. There is simply no indication Mr. Merlak's decision not to allocute was anything other than strategic. There is certainly no evidence it was the result of incompetency.

[¶20] Finally, Mr. Merlak claims he "went into the sentencing hearing with some expectation that he would receive a sentence of time served pursuant to the plea agreement. When the district court deviated from time served, there is nothing on the record to suggest [he] understood why the deviation happened." Mr. Merlak may have hoped for a sentence of time served. However, at the change of plea hearing, which occurred prior to the head injury, the court advised him it was not bound by the parties' sentencing agreement and it could sentence him up to 15 years in prison. Mr. Merlak stated he understood. At sentencing, the court detailed the factors to be considered in crafting an appropriate sentence. It then explained why it could not "in good conscience" accept the parties' sentencing agreement—the "egregious" nature of the crime, the vulnerability of the victim, and the need to protect society from Mr. Merlak's conduct. At that point, there was no requirement that Mr. Merlak "understand" or agree with the district court's reasoning. His statement, after the fact, that he did not "understand" why the district court deviated from the recommended sentence gave the district court no indication that it should suspend the proceedings for another evaluation. Contrary to Mr. Merlak's argument, there is nothing in the record to suggest he suffered from a mental illness or deficiency affecting his ability to proceed.

## CONCLUSION

[¶21] The district court did not err by failing to make an oral finding Mr. Merlak was competent to proceed with sentencing. Nor did it err in making a written finding of competency or by otherwise failing to *sua sponte* suspend the sentencing hearing and order a third competency evaluation.

[¶22] Mr. Merlak's conviction and sentence are affirmed.